IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| MICHELLE COCHRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-066-A |
| | § | |
| U.S. SECURITIES AND EXCHANGE | § | |
| COMMISSION, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Michelle Cochran is plaintiff and the U.S. Securities and Exchange Commission ("SEC"), Jay Clayton in his official capacity as SEC Chairman, and William Barr[1] in his official capacity as U.S. Attorney General, are defendants. The court, having considered the complaint, plaintiff's motion for preliminary injunction, the response, the reply, and the applicable authorities, finds that this action should be dismissed for lack of subject matter jurisdiction.

---

[1] On February 14, 2019, William Barr succeeded Matthew Whitaker, the defendant named in plaintiff's complaint, as U.S. Attorney General. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, William Barr is thus automatically substituted for Matthew Whitaker as a defendant.

I.

Background

A. The Complaint

Plaintiff initiated this action by filing her complaint on January 18, 2019, alleging that the SEC initiated an enforcement proceeding against her that violated Article II of the U.S. Constitution, because, in light of Lucia v. SEC, 138 S.Ct. 2044, (2018), SEC administrative law judges ("ALJs") hold their positions in violation of Article II,[2] and the Fifth Amendment's Due Process Clause, because the SEC violated its own rules, procedures, and deadlines. Doc.[3] 1 at 1 ¶ 1, 2-3 ¶¶ 5-7. She sought to enjoin the proceeding and obtain declaratory relief. Id. at 23.

B. The Defense Response

The defendants filed on March 12, 2019, a document titled "Defendants' Amended Response to Plaintiff's Motion for Preliminary Injunction" in which they included a section that provided argument and authority in support of the proposition that this court lacks jurisdiction to entertain this action. Doc. 19 at 6-15.

---

[2]Plaintiff clarified in her motion for preliminary injunction and brief in support that

[3]The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:19-CV-066-A.

2

C.  Plaintiff's Reply

Plaintiff filed a reply brief on March 18, 2019, claiming that this court has jurisdiction because the Supreme Court's decision in Lucia made clear that SEC ALJs hold their positions in violation of Article II, and the Court's decision in Free Enterprise Fund v. PCAOB, 561 U.S. 477 (2010), held that 15 U.S.C. § 78y(a)(1) did not preclude district court jurisdiction over the constitutional claims at issue there. Doc. 20 at 4-8.

II.

Analysis

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Congress can implicitly divest district courts of jurisdiction over certain actions by creating a statutory scheme of administrative review followed by judicial review in a federal court of appeals. See Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207 (1994). The Exchange Act contains one of those statutory schemes. It provides that a person aggrieved by a final SEC order may obtain review of it in the federal court of appeals in which he resides or has his principal place of business. 15 U.S.C. § 78y(a)(1). Once he files a petition for

review, the court of appeals has exclusive jurisdiction to affirm, modify, or vacate the order. Id. at § 78y(a)(3).

The Second, Fourth, Seventh, Eleventh, and D.C. Circuits have concluded that district courts lack jurisdiction over challenges to SEC proceedings, including pre-enforcement attacks on their constitutionality, because Congress intended to divest them of that jurisdiction in passing § 78y. See Bennett v. SEC, 844 F.3d 174, 188 (4th Cir. 2016); Hill v. SEC, 825 F.3d 1236, 1241 (11th Cir. 2016); Tilton v. SEC, 824 F.3d 276, 291 (2d Cir. 2016); Bebo v. SEC, 799 F.3d 765, 767 (7th Cir. 2015); Jarkesy v. SEC, 803 F.3d 9, 12 (D.C. Cir. 2015).

The plaintiff in each of the above-cited actions argued that the SEC proceeding against her was unconstitutional and sought to enjoin it. Plaintiff makes the same claim here, and she made no meaningful distinction between those actions and this one. The only basis for distinction she provided is that those actions were decided before Lucia. Doc. 13 at 7. But, that decision has no impact on the jurisdictional issue at hand. In Lucia, the Supreme Court held that SEC ALJs are officers of the United States. 138 S.Ct. at 2056. The Court held in Free Enterprise Fund that officers of the United States cannot be insulated from

4

removal by two layers of for-cause tenure.[4]  561 U.S. at 492. Plaintiff argued that, because SEC ALJs enjoy the same protections from removal, the proceedings here are unconstitutional.[5]  The five cases from other circuits cited above hold that she must make her constitutional arguments, no matter how meritorious they are, before the SEC and then before the applicable court of appeals.  There is no Fifth Circuit authority to the contrary.

The court is deeply concerned with the fact that plaintiff already has been subjected to extensive proceedings before an ALJ who was not constitutionally appointed, and contends that the one she must now face for further, undoubtedly extended, proceedings likewise is unconstitutionally appointed.  She should not have been put to the stress of the first proceedings, and, if she is correct in her contentions, she again will be put to further proceedings, undoubtedly at considerable expense and stress, before another unconstitutionally appointed administrative law judge.  Unfortunately, the United States Supreme Court has rejected concerns of those kinds expressed in proceedings

---

[4]That is, Congress cannot provide that an inferior officer may only be removed for cause by a principal officer, who himself may only be removed for cause by the President. See id. at 483-84.

[5]Specifically, she argued that SEC ALJs may only be removed for cause by members of the Merit Systems Protection Board, who themselves may only be removed for cause by the President. Doc. 1 at 19 ¶ 81.

conducted by a governmental agency. In <u>Federal Trade Commission v. Standard Oil Co. of California</u>, the Supreme Court explained:

> Socal also contends that it will be irreparably harmed unless the issuance of the complaint is judicially reviewed immediately. Socal argues that the expense and disruption of defending itself in protracted adjudicatory proceedings constitutes irreparable harm. As indicated above, we do not doubt that the burden of defending this proceeding will be substantial. But the expense and annoyance of litigation is part of the social burden of living under government. As we recently reiterated: Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.

449 U.S. 232 (1980) (citations & internal quotation marks omitted).

Were it not for the problem created by the ruling of the Supreme Court in <u>Federal Trade Commission</u>, the court would give serious consideration to grant of plaintiff's request for a preliminary injunction. As it is, the court considers that it is not authorized to do so.

Plaintiff also argued that <u>Free Enterprise Fund</u> supports her claim that this court has jurisdiction. Doc. 13 at 7. There, the Court held that § 78y did not preclude district court jurisdiction over a challenge to an investigation by the Public Company Accounting Oversight Board, because there was a possibility that there would be no other meaningful avenue of judicial relief available. 561 U.S. at 490. But, the SEC

6

proceeding plaintiff is challenging here will result in an SEC order that she can challenge in a court of appeals if she is dissatisfied with it. Bennett, 844 F.3d at 182; Hill, 825 F.3d at 1243. Thus, plaintiff will have the chance to obtain judicial review of her claims, just not in this court.

For these reasons, the court finds that it lacks subject matter jurisdiction over plaintiff's claims. She apparently made the same claims against every defendant, so the court finds that it lacks jurisdiction over all of her claims and that this action should be dismissed in its entirety.

### III.

### ORDER

The court ORDERS that plaintiff's claims against defendants be, and are hereby, dismissed.

SIGNED March 25, 2019.

_____
JOHN McBRYDE
United States District Judge