IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 8 2022

CLERK, U.S. DISTRICT COURT

By_____
Deputy

| | | |
|---|---|---|
| MICHELLE COCHRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-066-A |
| | § | |
| U.S. SECURITIES AND EXCHANGE | § | |
| COMMISSION, ET AL., | § | |
| | § | |
| Defendants. | § | |

ORDER

Pursuant to the mandate of the United States Court of Appeals for the Fifth Circuit, this action has been remanded in part for further proceedings. Inasmuch as it appears that the only matters to be determined by the court are issues of law, this order is setting a deadline for the filing of dispositive motions and providing important directives that will govern procedures applicable throughout the pendency of this action.

The court ORDERS that:

A.    Deadline for Filing Dispositive Motions

The deadline for filing dispositive motions is May 6, 2022.

B.    Timing of Rulings on Motions

The court reminds the parties that a response and brief to an opposed motion must be filed within twenty-one (21) days from the date the motion is filed, Local Civil Rule LR 7.1(e), and that a reply brief may be filed within fourteen (14) days from

the date the response is filed, Local Civil Rule LR 7.1(f).
Each motion shall be deemed to be ripe for ruling by the court
at the end of such time period.  If the court concludes that the
motion should be granted, the court normally will not await a
reply before ruling.  On occasion, the court will, upon motion
or sua sponte, order an expedited response or reply.  As a
general rule, motions will be ruled upon without hearing;
however, hearings will be scheduled as appropriate.

     C.   Nature of Legal Representation Required and
          Document Signing Requirements

     All parties and attorneys in this action are reminded of
the provisions of Fed. R. Civ. P. 11 and Local Civil Rules LR
7.1, LR 10.1, LR 83.7, LR 83.9, and LR 83.10.  The rules do not
contemplate that law firms are, or will be, admitted or
authorized to practice before this court.  Instead, the
representation is to be provided by individual attorneys who
qualify to practice before this court under the provisions of
Local Civil Rules LR 83.7, LR 83.9, or LR 83.10.

     D.   Counsel and Signature Requirements

     From this point forward all parties to this action, and
their counsel, shall strictly comply with the requirements of
the above-mentioned rules unless otherwise directed by the
court, and that, in the course of doing so:

(1)   Each attorney who participates in a conference contemplated by Local Civil Rule LR 7.1(a) shall be an attorney of record who is admitted to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(2)   Each certificate of service and certificate of conference shall be signed by either a pro se party or an attorney of record who is admitted or authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(3)   A simulated signature of an attorney or party is unacceptable and will not be used; actual signatures are required on pleadings, motions, etc.;[1]

(4)   Each signature of an attorney or party must be legible in the sense that the court must be able to ascertain the name of the signing person from the signature itself;

(5)   None of the items filed with the papers in this action is to be signed by a law firm, as opposed to individual attorneys who are admitted or authorized to

---

[1]Examples of a "simulated signature" are a fax or machine copy of a signature and a "signed by permission" signature.

3

practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;[2]

(6)   None of the items filed with the papers in this action is to be signed by an attorney who is not authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(7)   Each pro se party shall sign each item filed by him or her on his or her own behalf;

(8)   Strict compliance with the requirement of local counsel, as contemplated by Rule LR 83.10(a) is required. If relief from the Rule is sought, it must be by motion stating in detail a cause why such relief should be granted.   The court does not grant relief from the Rule unless exceptional circumstances are presented by the motion; and

(9)   If local counsel is required by Rule LR 83.10(a), the name, address, bar number, and contact information for local counsel must appear in the signature block on each pleading, motion, or other item filed.   If the requirement for local counsel has been waived by order of the court,

---

[2]The United States Supreme Court has explained that in the federal practice a document filed with the court should be signed by the individual attorney, on his own behalf, and not on behalf of his firm. Pavelic & LeFlore v. Marvel Entm't Grp., 493 U.S. 120, 126 (1989).

the signature block on any pleading, motion, or other item filed shall indicate such waiver by stating "The local counsel requirement was waived by an order signed _____, 20___."

The court will consider ordering the denial of the relief sought by any item that has not been properly prepared, signed, and filed or the ordering that such an item be stricken from the record of this case.

E.   Preparation for Filing of Evidentiary Items (Such as Appendices) and Similar Items

(1)   Each evidentiary item, including any exhibits, filed in connection with any pleading or other paper, shall be clearly marked by the exhibit number or letter, or other designation if any, assigned to the item.

(2)   All such items shall be filed in a separate volume, bearing consecutive page numbers and appropriate index tabs so that the court can readily locate each item.

(3)   Each collection of evidentiary items shall have at the front a table of contents giving the description of each item in the collection and the tab and page number where the item can be found.

(4)   The judge's copy of any item or collection of items of more than fifty pages shall be spiral-bound on the

side, broken into volumes that will lie flat when open and not contain so many pages as to make them unwieldy.

(5) Counsel shall highlight, as appropriate, those portions of the items that are of particular pertinence.(6)

Submission to the court of any collection of cases or other legal authorities will be handled in a manner comparable to the foregoing directions relative to evidentiary items.

(7) No item submitted to the court for filing or for the judge's consideration is to have a page or pages with print or other image on both sides of the page.

F.   Adoption of Statements in Pleadings

Further, counsel are reminded that the federal rules contemplate only that statements in pleadings may be adopted by reference. Fed. R. Civ. P. 10(c). Attempted incorporation by reference of any other material may not be considered by the court.

G.   Requests for Sealing of Items Are Discouraged

The court does not routinely make it a practice to allow documents to be filed under seal. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978) (the public has a common-law right to inspect and copy judicial records); SEC v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993) (the court's discretion to seal records is to be exercised charily); Brown &

Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1177 (6th
Cir.1983) (the First Amendment and the common law limit the
court's discretion to seal records).  See also, United States v.
Holy Land Found. for Relief & Dev., 624 F.3d 685, 690 (5th Cir.
2010) ("Public confidence [in our judicial system] cannot long
be maintained where important judicial decisions are made behind
closed doors and then announced in conclusive terms to the
public, with the record supporting the court's decision sealed
from public view.").  The parties are, of course, free to enter
into any agreement between them as to confidentiality of
documents produced in discovery.[3] Any party desiring to file a
specific document under seal should file a motion for leave to
do so, accompanied by a memorandum giving with specificity
(including a statement of all facts supporting such request and
a citation and discussion of all legal authorities supporting
the request) all reasons why there should be a sealing from
public view of such document.[4]  Further, all facts recited in any

---

[3]The court is not inclined to involve itself in such an agreement
of the parties.  There is no reason why the parties cannot put any
agreement into a legally enforceable document without causing the
court to devote its time and attention to the matter.  Rule 26(c) of
the Federal Rules of Civil Procedure should not be used as a vehicle
for converting an agreement of the parties into a court order.
Therefore, the court does not anticipate that the parties will request
it to review any confidentiality or protective agreement they have
reached.

[4]The movant should bear in mind that simply showing that
disclosure of the information sought to be sealed would harm a party's

such memorandum must be verified by the oath or declaration of a person or persons having personal knowledge thereof. <u>Cf.</u> <u>United States v. Edwards</u>, 823 F.2d 111, 118 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a first amendment challenge, the court must make specific fact findings demonstrating that a substantial probability exists that an interest of a higher value will be prejudiced and that no reasonable alternatives will adequately protect that interest).

H.   <u>Dismissals Without Prejudice</u>

Whenever a party files a motion or stipulation or other document expressing the intent to dismiss a claim or the claims of that party against another party without prejudice, the court will treat such document as a declaration that the filer will not re-assert any claims against such other party in this case. (In other words, the dismissal will be final for the purposes of this case. Those claims may be asserted in another case or in another court, but will not be asserted in this case.) To that end, the court will sign a final judgment of dismissal pursuant to Fed. R. Civ. P. 54(b) as to the claim or claims against the dismissed party containing the following language:

> The court ORDERS, ADJUDGES, and DECREES that the
> claims asserted by __ against __ be, and are hereby,

---

reputation or its business is not sufficient to overcome the strong common law presumption in favor of public access. <u>Brown & Williamson Tobacco Corp. v. F.T.C.</u>, 710 F.2d 1165, 1180 (6th Cir. 1983).

dismissed with prejudice to the extent that such claims will not be reasserted in this case and without prejudice as to the reassertion of such claims in any other case or court.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

*   *   *   *   *   *   *

Strict compliance with the terms of this order is required. Should any party or counsel fail to cooperate in doing anything required by this order to be done, such party or counsel or both will be subject to sanctions, including dismissal or entry of default without further notice. See Fed. R. Civ. P. 16(f).

THE COURT SO ORDERS.

SIGNED February 8, 2022.

JOHN McBRYDE
Senior United States District Judge

9